UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

CHRISTIAN YOUNG ALEMAN §
§
    Petitioner §
VS. §
§
UNITED STATES OF AMERICA §

2:11cr1168-1

CIVIL ACTION NO. 2:13-CV-118

**MEMORANDUM OPINION AND ORDER DISMISSING MOTION TO
VACATE, SET ASIDE OR CORRECT SENTENCE, AND ORDER DENYING
CERTIFICATE OF APPEALABILITY**

Pending before the Court is Defendant Christian Young-Aleman's (Young-Aleman) motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.E. 26).  The government has responded and moved to dismiss the motion.  (D.E. 43). After considering the motion, the government's response, the prior record of proceedings, and the evidence, the Court DENIES the motion and DENIES Young-Aleman a Certificate of Appealability (COA).

## I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II.  FACTUAL BACKGROUND AND PROCEEDINGS

Young-Aleman was stopped for an immigration check at the Sarita, Texas Border Patrol Checkpoint.  He was driving a tractor-trailer rig.  Young-Aleman's responses to the agent were inconsistent with his bill of lading and he appeared to be visibly nervous. (D.E. 1).  The agent requested permission to x-ray the trailer.  Young-Aleman agreed. (*Id*.).  The x-ray revealed anomalies.  (*Id*.).  Agents then brought in a drug canine to sniff

the exterior of the tractor-trailer.  After the dog alerted to the trailer, agents opened the rear of the trailer and discovered 19 bundles of marijuana among a load of limes.  (*Id*.).  Young-Aleman was arrested.

After he was advised of his *Miranda* rights, Young-Aleman waived his rights and provided a statement to Border Patrol agents. He stated he agreed to carry the marijuana in exchange for payment, but felt coerced to do so because the men who approached him were carrying weapons and threatened to harm his family if anything went wrong.  (*Id*.).  The 19 bundles of marijuana weighed 224.3 kilograms.  (*Id*.).

Young-Aleman made his initial appearance in federal court two days after his arrest.  He was appointed counsel at that time.  D.E. 2.  He was indicted for possession with intent to distribute more than 100 kilograms of marijuana, 178.4 kilograms, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B).  (D.E. 7).  Young-Aleman was arraigned a week later.  (Minute Entry December 22, 2011).

On January 31, 2012, Young-Aleman pled guilty to the sole count of the indictment without a plea agreement.  (D.E. 39 at 23-28).  The Court ordered preparation of a Presentence Investigation Report (PSR).  (D.E. 13).

The PSR calculated his offense level, based upon 178.4 kilograms of marijuana seized from him, at 26.  (D.E. 20 at ¶ 14).  Young-Aleman received credit for acceptance of responsibility for a total offense level of 23.  (*Id*. at ¶¶ 20-23).  Young-Aleman had no scoreable criminal history.  (*Id*. at ¶¶ 25-26).  His guideline sentencing range was a minimum statutory sentence of 60 months.  (*Id*. at ¶ 47).

Before sentencing, the Court received numerous letters in support of Young-Aleman. (D.E. 14-19, 23). At sentencing, the government announced that Young-Aleman qualified for safety valve which reduced his guideline range to 37 to 46 months imprisonment and also authorized the Court to sentence him below the minimum statutory sentence. (D.E. 40 at 4-5). The government urged a sentence of 38 months, counsel argued that 37 months was proper in light of the threats and danger to Young-Aleman. (*Id.* at 5-6).[1] The Court sentenced Young-Aleman to 38 months in the Bureau of Prisons, supervised release of five years, and a $100 special assessment. (*Id.* at 6-7). The Court advised Young-Aleman of his right to appeal within 14 days. (*Id.*). Counsel objected to the term of supervised release. (*Id.* at 8). Judgment was entered on the

---

[1]    17 MR. MORALES: Your Honor, I wanted to point to the
18 Court that Mr. Aleman certainly did what he had to do. He
19 safety valved -- he gave information relative to the
20 individuals and the individuals that have been mentioned are
21 open and notorious; in fact, we found them in Pacer, and so if
22 the Government certainly wants to pursue any of that angle, the
23 fact that person is on Pacer and on supervised release. So
24 it's that open and notorious, but I just wanted to point that
25 out because that means that this information is very -- it's
very pressing and it's very current, so if the Government
2 certainly wanted to, certainly down the road, do something with
3 it Mr. Aleman continues to do whatever he needs to do to make
4 that happen. He does make himself -- he will make himself
5 available for the Government should that become an issue.
6 But because of the present nature of the information
7 and of the potential for a realistic danger to him I do believe
8 that, at a minimum, that the bottom of the Guidelines is more
9 appropriate in this case and I would just pose that to the
10 Court, which is at 37 months.
11 THE COURT: I did receive various letters from your
12 wife, relatives, friends, which I have reviewed and considered.
(*Id.*).

docket on April 26, 2012.  (D.E. 24).  Young-Aleman did not appeal.  The Clerk received his present motion on April 29, 2013.  (D.E. 26).

### III.  MOVANT'S ALLEGATIONS

Young-Aleman complains that his counsel was ineffective at sentencing on the grounds that he failed to file a sentencing memorandum and failed to present evidence in support of downward departures pursuant to U.S.S.G. §§ 5K2.12 and 5K2.20.

The government responds that the claims are both without merit and conclusory. Young-Aleman did not file a reply.

### IV.  ANALYSIS

#### A.  28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

#### B.  Ineffective Assistance of Counsel

Generally, an ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S.

668 (1984).  *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001).  To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial.  *Id.*  This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence.  *United States v. Dovalina*, 262 F.3d 472, 474-75 (5th Cir. 2001).  To show that his attorney's performance at sentencing in a noncapital case was prejudicial under *Strickland*, the movant must demonstrate that counsel's error led to an increase in the length of his imprisonment.  *Glover v. United States*, 531 U.S. 198, 203 (2001); *United States v. Herrera*, 412 F.3d 577, 581 (5th Cir. 2005).

If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott,* 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

## C.   Trial Counsel's Alleged Ineffective Assistance

Young-Aleman claims that counsel's performance at sentencing was ineffective because no sentencing memorandum was filed, and counsel did not produce evidence or argue in support of downward departures pursuant to U.S.S.G. §§ 5K2.12 (Coercion and Duress) and 5K2.20 (Aberrant Behavior).

The letters in support of Young-Aleman reveal that he is a good father; supports his family and they have significant difficulties without him; is a good husband who

socializes with his family in a wholesome manner; is a good neighbor; and is a church-going man who is respectful of others, courteous, and professional.  D.E. 14-19, 23.

Aberrant behavior[2] is an extremely limited ground of downward departure. Young-Aleman does not qualify under its specific provisions.  First, by definition, the provision does not apply to anyone convicted of a serious drug trafficking offense, which

---

2    § 5K2.20. Aberrant Behavior (Policy Statement)
   a.  (a) In General.--Except where a defendant is convicted of an offense involving a minor victim under section 1201, an offense under section 1591, or an offense under chapter 71, 109A, 110, or 117, of title 18, United States Code, *a downward departure may be warranted in an exceptional case* if (1) the defendant's criminal conduct meets the requirements of subsection (b); and (2) the departure is not prohibited under subsection (c).
   (b) Requirements.--The court may depart downward under this policy statement *only if the defendant committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning*; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life.

   (c) Prohibitions Based on the Presence of Certain Circumstances.--*The court may not depart downward* pursuant to this policy statement if any of the following circumstances are present:
       (1) The offense involved serious bodily injury or death.
       (2) The defendant discharged a firearm or otherwise used a firearm or a dangerous weapon.
       (3) *The instant offense of conviction is a serious drug trafficking offense*.
       (4) The defendant has either of the following: (A) more than one criminal history point, as determined under Chapter Four (Criminal History and Criminal Livelihood) before application of subsection (b) of 4A1.3 (Departures Based on Inadequacy of Criminal History Category); or (B) *a prior federal or state felony conviction, or any other significant prior criminal behavior, regardless of whether the conviction or significant prior criminal behavior is countable* under Chapter Four.

*Id.* (emphasis added).

is defined to be an offense that carries a mandatory minimum sentence of imprisonment of 5 years or more.  *Id.*, application note 1.[3]  Second, although Young-Aleman has no scoreable criminal offenses, he was convicted of tampering with a government record in 2000, a felony offense.  Finally, the provision only applies if the offense did not require planning.   In this case, Young-Aleman agreed to carry the drugs, he met with the organizer of the offense, purchased the marijuana, concealed it in his tractor-trailer, and planned to sell the marijuana himself.  (D.E. 20 at ¶ 6).  Finally, the letters in support of Young-Aleman do not speak to his law abiding nature.  There are no facts in the record, other than the PSR, that relate to Young-Aleman's claim of Aberrant Behavior. Furthermore, Young-Aleman does not state what evidence counsel should have produced or what arguments counsel should have included in the sentencing memorandum. Young-Aleman's failure to include any factual basis for his claim renders it conclusory. Conclusory allegations on critical issues in a § 2255 proceeding are insufficient to raise a constitutional issue.  *United States v. Woods*, 870 F.2d 285, 288 n. 3 (5th Cir. 1989); *see also United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980) (failure of movant to state specific facts "is insufficient to state a constitutional claim.").

Young-Aleman's claim that counsel was ineffective on the ground that he failed to file a sentencing memorandum and produce evidence in support of a downward departure

---

[3]  "'Serious drug trafficking offense' means any controlled substance offense under title 21, United States Code, other than simple possession under 21 U.S.C. 844, that provides for a *mandatory minimum term of imprisonment of five years or greater*, regardless of whether the defendant meets the criteria of 5C1.2 (Limitation on Applicability of Statutory Mandatory Minimum Sentences in Certain Cases)."
*Id.* (emphasis added).

for Aberrant Behavior fails.  Young-Aleman does not qualify for Aberrant Behavior and his claim is conclusory.

As to Young-Aleman's claim that he qualified for a downward departure pursuant to § 5K2.12, Coercion and Duress,[4] the Court had before it the PSR which set forth Young-Aleman's description of the circumstances that he claimed caused him to transport marijuana and a personal letter from Young-Aleman supplementing the description of the circumstances.  (D.E. 17, 20 at ¶¶ 6-8).  Young-Aleman gave a statement to the Border Patrol agents, gave a different statement to the DEA, and recounted a third version of the statement in his letter to the Court.

The Court reviewed and considered the letters presented and adopted the PSR as the findings of the Court, as revised by application of the safety valve.  Young-Aleman received the low end of a guideline sentence, two years less than the minimum statutory sentence.

---

[4]Section 5K2.12 provides,

> If the defendant committed the offense because of serious coercion, blackmail, or duress, under circumstances not amounting to a complete defense, the court may depart downward. The extent of the decrease ordinarily should depend on the reasonableness of the defendant's actions, on the proportionality of the defendant's actions to the seriousness of coercion, blackmail, or duress involved, and on the extent to which the conduct would have been less harmful under the circumstances as the defendant believed them to be. Ordinarily coercion will be sufficiently serious to warrant departure only when it involves a threat of physical injury, substantial damage to property or similar injury resulting from the unlawful action of a third party or from a natural emergency. Notwithstanding this policy statement, personal financial difficulties and economic pressures upon a trade or business do not warrant a downward departure.

*Id.*

The record reflects that counsel requested a 37 month sentence, but the Court imposed a 38 month sentence.  Young-Aleman has not met his burden to demonstrate prejudice from counsel's alleged failure, that is a reasonable probability that he would have received a lower sentence had counsel argued for a downward departure on the basis of coercion and duress.  *See Herrera*, 412 F.3d at 581 (performance at sentencing is prejudicial when counsel's error results in an increased sentence).

To the extent that Young-Aleman claims that counsel should have presented evidence to support his claim, he does not state what evidence was available.  His claim is conclusory and may not be considered.  *Woods*, 870 F.2d at 288 n. 3; *see also Jones*, 614 F.2d at 82 (failure of movant to state specific facts "is insufficient to state a constitutional claim.").

## V.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Young-Aleman has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Young-Aleman is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI.  CONCLUSION

For the foregoing reasons, Young-Aleman's motion to vacate, set aside or correct his sentence (D.E. 26) is DENIED, and he is DENIED a Certificate of Appealability.

ORDERED this 30th day of August, 2013.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE